A01A0550. LAVJI v. THE STATE.
A01A0551. ALJAWAVY v. THE STATE.
(547 SE2d 628)

JOHNSON, Presiding Judge.

Feroz Lavji, Hussain Aljawavy, and Mohammed Hemidi were indicted for armed robbery, and Hemidi was also indicted for possessing a firearm during the commission of a crime. Lavji and Aljawavy were tried together before a jury, while Hemidi was tried separately before another jury.

The jury in Hemidi's case found him guilty of both armed robbery and possessing a firearm. He has previously appealed from his convictions. And we have affirmed those convictions.[1]

The jury in Lavji and Aljawavy's case also found them guilty of the armed robbery. Lavji and Aljawavy have filed separate appeals. Because Lavji and Aljawavy were tried together, we shall consider their appeals together in this opinion.

Lavji and Aljawavy both challenge the sufficiency of the evidence supporting their convictions, and Aljawavy further challenges the court's jury charge. The challenges are without merit, and we therefore affirm the convictions of Lavji and Aljawavy.

1. Both Lavji and Aljawavy argue that the evidence mandates a finding that they did not willingly participate in the robbery, but were forced to participate by the gun-wielding Hemidi. Given the evidence in the record, we find the argument to be unpersuasive.

Viewed in the light most favorable to the verdict,[2] the evidence shows that at about 1:00 on a January morning in 1998, Lavji, Aljawavy, and Hemidi drove to a gas station in Lavji's wife's car. The car's license tag had been removed and replaced with a car dealer's drive-out tag.

The three men waited in the parked car near the side of the gas station until a police officer, who had been inside the station's store, left the area. After the officer left, the three men moved their car to

_____

[1] Hemidi v. State, 245 Ga. App. 417 (537 SE2d 804) (2000).
[2] Scott v. State, 243 Ga. App. 383, 384 (1) (a) (532 SE2d 141) (2000).

the front of the gas station, got out of the car, and entered the store.

Once inside, Hemidi pulled a gun out of his clothes, jumped over the cash register counter, put the gun to the head of cashier Ernest Williams, forced Williams to his knees, and threatened to kill him.

Meanwhile, Lavji and Aljawavy stole various items from the store, including cigarettes, toy trucks, and coins. Lavji also pulled down the store's security camera. As Lavji and Aljawavy ransacked the store, Hemidi led Williams into a bathroom and told him to count to 100.

While Hemidi was still in the bathroom, Lavji and Aljawavy left the store and got into their car. Police officers, who had been contacted by an eyewitness, arrived in time to see the two men in the car and Hemidi in the store. The police arrested Hemidi at the crime scene. But Lavji and Aljawavy sped away from the station.

One of the officers chased Lavji and Aljawavy. During the chase, Lavji and Aljawavy drove at high speeds, went the wrong way on a divided road, struck a curb, and crashed. They attempted to flee from the scene of the wreck on foot, but were apprehended by the officer.

Inside the getaway car, the police found cigarettes, rolled coins, and toy trucks, all of which had been taken from the gas station. They also found a mask, loose bullets, a holster, and the car's license tag.

Both Lavji and Aljawavy gave statements to the police about the robbery. Neither of them claimed in their statements that they had been forced to participate in the robbery by Hemidi. But at trial, Lavji and Aljawavy both testified that Hemidi had waved the gun at them and ordered them to steal the items.

It is the function of the jury, not this court, to resolve conflicts in the evidence and to determine the credibility of the witnesses.[3] In carrying out those functions, the jury in this case was authorized to disbelieve Lavji and Aljawavy's claim that they had been forced to commit the robbery and to conclude instead that they participated freely in the crime. There was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Lavji and Aljawavy are guilty of armed robbery.[4]

2. Aljawavy claims that the trial court erred in failing to give his requested charges that presence at the crime scene together with flight is not conclusive proof of guilt and that flight together with a connection between the defendant and others committing the crime is also insufficient to support a conviction.

While the court did not charge the jury on flight, it did charge

---

[3] *Hemidi,* supra at 418 (1).

[4] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hemidi,* supra at 418-419 (1).

the jury on mere presence at the crime scene, mere association with others involved in the crime, parties to a crime, conspiracy, and conduct after the crime. These instructions covered the same relevant legal principles as the requested charges, and the evidence shows that Aljawavy did more than merely flee, so there was no harmful error in the trial court's decision.[5]

3. Aljawavy contends that the court erred in its jury charge on the concept of reasonable doubt by including the statement that if "you are unable to say with reasonable certainty that he is guilty, then you should acquit him." Aljawavy objects to the use of the phrase "reasonable certainty."

The Supreme Court of Georgia has held that in the context of a court's entire charge on reasonable doubt, it is not reasonably likely that the jury interpreted the court's reference to reasonable certainty as allowing a conviction on evidence meeting a lower standard of proof than beyond a reasonable doubt.[6] Having reviewed the court's entire charge in the instant case, we find that the court fully and accurately charged the jury on reasonable doubt and its use of the phrase "reasonable certainty" in the context of the entire charge does not constitute reversible error.[7]

*Judgments affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 30, 2001.

*Sara M. Yeager*, for appellant (case no. A01A0550).
*Zell & Zell, Glenn Zell*, for appellant (case no. A01A0551).
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.

---

[5] See *Evans v. State*, 233 Ga. App. 85, 86 (1) (503 SE2d 344) (1998) (court's failure to charge on flight not error because court charged on mere presence and mere association, and evidence showed Evans did more than merely flee).

[6] *Baldwin v. State*, 264 Ga. 664, 665-666 (1) (449 SE2d 853) (1994).

[7] See *Rivers v. State*, 225 Ga. App. 558, 563 (5) (484 SE2d 519) (1997).