## A01A2342. BAKER v. THE STATE.
### (561 SE2d 185)

MILLER, Judge.

Evidence showed that Stanley Baker beat a male victim, forced him at gunpoint to give his car keys to an accomplice, and coerced him and a female victim to leave with Baker and two cohorts in that vehicle. The questions on appeal are (1) whether this evidence sufficed to sustain robbery and kidnapping convictions, and (2) whether the court erred in refusing to allow Baker to present detailed evidence that Baker had participated in a legal investigation that caused the loss of the female victim's father's job. Discerning no error, we affirm.

The evidence showed that Baker, upset at his girlfriend's infidelity, went to look for her and eventually found her at a local hotel. Baker kicked in the hotel door of a room where she and a male were staying. Pointing a gun at the male who was on the floor, Baker kicked him repeatedly in the face and throat. A cohort accompanying Baker demanded the male's car keys, which he gave to the cohort while Baker continued to point the gun at him. The cohort retrieved the vehicle, and Baker forced his girlfriend and the male into the car (using his gun and physical strength). Hotel security officers witnessed the abduction of the girlfriend and Baker's possession of a gun. Baker threw the gun out the car window when police thereafter stopped the vehicle and rescued the victims. The gun was never found. A jury found Baker guilty of kidnapping (two counts), robbery, and assault and battery.

1. Citing insufficiency of the evidence, Baker challenges his robbery and kidnapping convictions. On appeal from a criminal conviction, we construe the evidence in favor of the verdict in assessing whether a rational trier of fact could have found the defendant guilty of the charged crimes beyond a reasonable doubt.[1]

OCGA § 16-8-40 defines robbery as when a person, with intent to commit theft, takes property of another from the person or immediate presence of another by use of force, by intimidation, by use of threat or coercion, or by placing that person in fear of immediate

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kelley v. State*, 233 Ga. App. 244 (503 SE2d 881) (1998).

serious bodily injury. Here the evidence showed that by use of the gun, Baker coerced the male victim into giving the car keys to Baker's cohort and that Baker and the cohort then used the vehicle for their own purposes. This evidence sufficed to sustain the robbery conviction.[2]

OCGA § 16-5-40 defines kidnapping as when a person abducts or steals away any person without lawful authority and holds such person against his will. Here the evidence showed that by use of the gun and physical force, Baker coerced his girlfriend and the male victim to leave the hotel room and to travel away with Baker in the car. This evidence sufficed to sustain the two kidnapping convictions.[3]

Baker contends that the decision of the jury to find him guilty of robbery rather than armed robbery (and of assault and battery rather than aggravated assault) meant that the jury must have believed his evidence that there was no gun. Thus, he contends, the jury could not also find him guilty of kidnapping, which count relied on the gun as the means of force. This argument fails, as it is nothing more than a remake of the "inconsistent verdict rule," which rule the Supreme Court of Georgia abolished some 16 years ago.[4] Moreover, Baker kicked the male victim viciously and dragged his girlfriend to the car, thus supplying the force, intimidation, or threat of serious bodily injury even if no gun were present.

2. Baker argues that the court erred in excluding his proffered evidence that he had offended his girlfriend's father by participating in a legal investigation that caused the father to lose his job. Baker wanted to show that the father's anger motivated the girlfriend to lie about the kidnapping incident as a matter of revenge. When the State announced it was not calling the father as a witness, the court excluded the evidence on the ground that its connection to the girlfriend was tenuous and therefore was irrelevant and prejudicial. During the girlfriend's testimony, she nevertheless briefly testified that Baker and her father were at odds and that Baker had had her father fired. Baker's counsel did not ask her about any ill feelings toward Baker or about any motivation she would have to lie.

OCGA § 24-9-68 provides that a party may prove the state of a witness's feelings toward that party.[5] Nevertheless, the trial court has broad discretion to exclude evidence on grounds of relevancy, which decision we will not disturb absent manifest abuse.[6] Thus, if

---

[2] See *Leeks v. State*, 226 Ga. App. 227 (1) (483 SE2d 691) (1997); cf. OCGA § 16-2-20 (parties to a crime).

[3] See *Lockett v. State*, 217 Ga. App. 328, 331 (4) (457 SE2d 579) (1995).

[4] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986); see *Metts v. State*, 270 Ga. 481, 483 (2) (511 SE2d 508) (1999).

[5] See *Hayes v. State*, 211 Ga. App. 801, 804 (2) (440 SE2d 539) (1994).

[6] *Houston v. State*, 242 Ga. App. 114, 116 (2) (527 SE2d 619) (2000).

the proffered evidence is too tenuous to prove the desired matter and is possibly more prejudicial than probative, the trial court does not abuse its discretion in excluding the evidence.[7]

Here Baker failed to even ask the girlfriend what her feelings were toward Baker, let alone whether those feelings were affected by his actions that resulted in her father's loss of his job. We find no abuse of discretion where Baker had an opportunity to develop this testimony and failed to do so.[8] In light of the brief testimony coming in that Baker caused the job loss, and in light of the tenuous link between this circumstance and the girlfriend's possible but unexplored bias against Baker, we cannot say that the trial court manifestly abused its discretion in excluding the details regarding Baker's involvement in the legal investigation leading to that job loss.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002.

*Elaine T. McGruder*, for appellant.
*Paul L. Howard, Jr., District Attorney, Amira S. AbuBakr, Assistant District Attorney*, for appellee.

---

[7] See *Knapp v. State*, 229 Ga. App. 175, 177 (2) (493 SE2d 583) (1997); cf. *Shaw v. State*, 241 Ga. 308, 311 (7) (245 SE2d 262) (1978).

[8] See *Johnson v. State*, 270 Ga. 234, 235 (2) (507 SE2d 737) (1998); see also *Farley v. State*, 225 Ga. App. 687, 693 (484 SE2d 711) (1997) (physical precedent only).