A06A0149. IN THE INTEREST OF M. S., a child.
(627 SE2d 422)

ELLINGTON, Judge.

In May 2005, the Juvenile Court of Baker County adjudicated M. S. delinquent on the charge of child molestation, which M. S. committed when he was 16 years old. Following a dispositional hearing, the court sentenced M. S. pursuant to OCGA § 15-11-63, which classifies certain offenses as "designated felony" acts. M. S. appeals, contending the trial court erred in sentencing him, because child molestation is not a designated felony under OCGA § 15-11-63. For the following reasons, we agree that the trial court improperly sentenced M. S., vacate the sentence, and remand for resentencing.

The record shows the following undisputed facts. On January 24, 2005, a Baker County grand jury indicted M. S. for child molestation, OCGA § 16-6-4 (a). Because juvenile courts have exclusive original jurisdiction over child molestation cases brought against juveniles,[1] the Superior Court of Baker County transferred the case to the county's juvenile court. On March 1, 2005, the county solicitor-general filed a delinquency petition in the juvenile court contending M. S. had committed child molestation.[2] The petition also stated that it was being filed "under the Designated Felon Provisions OCGA § 15-11-63

---

[1] See OCGA §§ 15-11-2 (6) (A) (delinquent act is an act that is a crime in this state); 15-11-2 (7) (delinquent child is a child who commits a delinquent act); 15-11-28 (a) (juvenile court has exclusive jurisdiction over criminal matters concerning a delinquent child, except for offenses classified as designated felonies).

[2] This petition was an amendment of a previous petition, which had alleged that M. S. had committed aggravated child molestation.

(D)." Following a hearing on May 23, 2005, the juvenile court adjudicated M. S. delinquent on a charge of child molestation. During the dispositional portion of the hearing, M. S.'s counsel argued that, because child molestation was not a designated felony under OCGA § 15-11-63, the juvenile court was not authorized to sentence M. S. pursuant to that statute. The court disagreed, stating that "it's the Court's opinion that [it] can sentence [M. S.] under the Designated Felony Act and [the Court is] going to do so." The court then sentenced M. S. as a designated felon.

On appeal, M. S. contends the court was not authorized to sentence him for committing a designated felony because child molestation is not a designated felony act under OCGA § 15-11-63 (a) (2). OCGA § 15-11-63 (a) (2) lists the crimes that are considered designated felonies for the purpose of adjudicating a delinquency petition, and child molestation is not included in the list.

Further, although the state's amended delinquency petition stated that it was being filed pursuant to OCGA § 15-11-63 (D), there is no such Code subsection. Even if the State actually intended for the amended petition to refer to OCGA § 15-11-63 (a) (2) (D), however, this subsection does not provide a basis for treating child molestation as a designated felony. OCGA § 15-11-63 (a) (2) (D) defines a designated felony as an offense that is listed in OCGA § 15-11-28 (b) (2) (A)[3] and is either transferred to the juvenile court by the superior court after indictment or by the district attorney's office before indictment. See OCGA § 15-11-28 (b) (2) (B), (b) (2) (C). In this case, child molestation is not an offense listed in OCGA § 15-11-28 (b) (2) (A), and, therefore, OCGA § 15-11-63 (a) (2) (D) clearly cannot be used to classify child molestation as a designated felony act.

The State has not offered any other legal basis authorizing the trial court to sentence M. S. for committing a designated felony, nor has it done so on appeal.[4] Accordingly, we must vacate M. S.'s sentence and remand the case to the juvenile court for resentencing in a manner consistent with this opinion.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Miller, J., concur.*

---

[3] The offenses listed in OCGA § 15-11-28 (b) (2) (A) are as follows: "(i) Murder; (ii) Voluntary manslaughter; (iii) Rape; (iv) Aggravated sodomy; (v) Aggravated child molestation; (vi) Aggravated sexual battery; or (vii) Armed robbery if committed with a firearm."

[4] In fact, the State's appellate brief fails to cite to *any* authority supporting its argument. In addition, the brief misrepresents the facts of this case, specifically stating that M. S. had been charged with committing *aggravated child molestation* (a designated felony), when the indictment and the amended petition clearly charged him with child molestation. The brief also incorrectly states that the juvenile court adjudicated M. S. delinquent based upon a finding that he had committed aggravated child molestation.

DECIDED FEBRUARY 21, 2006.

*Ronald R. Parker*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.