A07A2011. In the Interest of K. C., a child.

(659 SE2d 821)

Barnes, Chief Judge.

The juvenile court adjudicated 15-year-old K. C. delinquent after finding that she committed child molestation and sexual battery. K. C. appeals, challenging the exclusion of certain evidence. She also argues that various procedural violations undermined the delinquency finding. For reasons that follow, we affirm.

The State initially brought charges against K. C. in superior court. Although the record is not completely clear, she apparently was arrested in September 2006 on one count of child molestation, and the State added an aggravated sexual battery charge later that month. Eventually, however, the State dismissed the aggravated battery charge, and the superior court transferred the case to the juvenile court in January 2007.

Following the transfer, the State filed delinquency petitions alleging that K. C. had committed sexual battery and child molestation. The juvenile court also determined that K. C., who had been in a youth detention facility since her original arrest,[1] should remain in detention pending resolution of the allegations.

The court held an adjudicatory hearing in February 2007, and the State presented testimony from the police officer who investigated the molestation allegations. When the State concluded its case, K. C. sought to recall the officer to establish a "possible defense" regarding the original charges filed against her. K. C. asserted that she never should have been charged in superior court and that the State's failure to follow appropriate juvenile court procedures after her arrest resulted in an extended, illegal detention. The juvenile court prohibited K. C. from examining the officer on this issue, finding that she had waived the procedural argument by not raising it in the superior court.

As noted by K. C., various procedural and timing requirements govern juvenile court cases. For example, once authorities detain an allegedly delinquent child, "an informal detention hearing shall be held promptly and not later than 72 hours after the child is placed in detention . . . to determine whether detention . . . of the child is

---

[1] The superior court granted K. C.'s request for bond in November 2006, but, according to the State, she could not meet the conditions for release.

required." OCGA § 15-11-49 (c) (1). If the juvenile court continues the detention, a delinquency petition must be "made and presented to the court within 72 hours of the detention hearing." OCGA § 15-11-49 (e). On appeal, K. C. claims that she should have been allowed to present evidence that the State failed to meet these requirements, and she argues that the procedural flaws require reversal.

We disagree. K. C. does not question the procedures employed *after* her case was transferred to the juvenile court in January 2007. She makes no claim that the State or juvenile court failed to meet the statutory deadlines and other requirements following the transfer. Instead, she focuses on her arrest and detention in September 2006, asserting that she was entitled to a 72-hour detention hearing and similar juvenile court protections in connection with that arrest.

In making this claim, K. C. correctly argues that the original child molestation charge should have been filed in juvenile court, rather than superior court. See *In the Interest of M. S.*, 277 Ga. App. 706 (627 SE2d 422) (2006) (juvenile court has exclusive jurisdiction over child molestation cases brought against juveniles). But once the State added the aggravated sexual battery count, the superior court gained jurisdiction. See OCGA § 15-11-28 (b) (2) (A) (vi). Moreover, even if the juvenile court procedures initially should have been followed, we find no basis for reversal.

The juvenile court procedures do not implicate the merits of a delinquency petition, and their violation does not demand an acquittal. On the contrary, noncompliance authorizes dismissal of the petition without prejudice. *In the Interest of R. D. F.*, 266 Ga. 294, 296 (3) (466 SE2d 572) (1996) (discussing noncompliance with statutes currently codified at OCGA §§ 15-11-49 (formerly OCGA § 15-11-21), 15-11-39 (formerly OCGA § 15-11-26), 15-11-47 (formerly OCGA § 15-11-19)). K. C.'s remedy, therefore, was to seek dismissal of the superior court charges, not raise the procedural issue as a substantive defense to the delinquency petition. Furthermore, such dismissal would have been without prejudice, and the State would have been authorized to file new delinquency allegations in juvenile court. See id. Although the process was slightly different here, the end result — newly filed delinquency petitions — was essentially the same. Under these circumstances, any procedural flaws in the superior court proceeding did not undermine the new delinquency petitions.

Finally, we find no error in the juvenile court's refusal to hear evidence regarding these alleged flaws at the adjudicatory hearing. As noted by the juvenile court, the procedural claim should have been raised in the superior court and had no bearing on the validity of the delinquency petitions or the substantive charges against K. C. Accordingly, the juvenile court properly excluded this evidence. See *In the Interest of M. V. H.*, 281 Ga. App. 486, 489 (2) (636 SE2d 168) (2006)

(juvenile court exercises discretion in determining admissibility of evidence in adjudicatory hearing); *Clanton v. State*, 271 Ga. App. 444, 445 (2) (609 SE2d 761) (2005) (evidence that does not tend to prove, disprove, or shed light upon a material fact at issue in a case is irrelevant and should be excluded).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 21, 2008.

*George A. Bessonette, Janice W. Prince*, for appellant.
*Catherine H. Helms, District Attorney, Patricia A. Pickett, Assistant District Attorney*, for appellee.