**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 10, 2013**

# In the Court of Appeals of Georgia

A13A1183. WARD v. THE STATE.

MILLER, Judge.

Following a jury trial, Michael Keith Ward was convicted of kidnapping with bodily injury (OCGA § § 16-5-40).[1] Ward appeals from the denial of his motion for new trial, contending that the evidence was insufficient to establish the asportation element of his kidnapping conviction, and that the trial court's charge on kidnapping with bodily injury was erroneous because it defined the offense as an act which was committed in a manner other than as alleged in the indictment. After a thorough review of the record, we conclude that Ward's movement of the victim was legally sufficient to establish the element of asportation, and the trial court appropriately

---

[1] The jury acquitted Ward of two additional charges of rape and a charge of aggravated assault with intent to rape.

cured what otherwise may have been error in its jury charge by providing the jury with the indictment as a resource to the kidnapping charge and properly instructing them on the State's burden of proof. Accordingly, we affirm.

Viewed in the light most favorable to the verdict,[2] the evidence shows that Ward, who married the victim in 1999, had a history of physically abusing her, including two incidents which resulted in Ward's incarceration for aggravated stalking, battery and obstructing a 911 call. Ward and the victim divorced in 2007. Nevertheless, from 2008 to 2010, Ward continued to come around the victim and tried to either convince her or force her to have sex with him. On two occasions, Ward convinced the victim to have consensual sex with him. In early 2010, however, Ward forced the victim to have sex with him in her car after she agreed to give Ward a ride to see his probation officer. During that incident, Ward threatened to kill the victim.

On June 8, 2010, Ward contacted the victim at her job and asked her to come help him jump start his car. The victim initially refused to meet Ward because he had been forcing himself on her. She reluctantly agreed to meet Ward at a house in Athens-Clarke County where he was staying after he assured her that other people

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

would be present. When the victim arrived at the house, Ward told her to pull her car into the garage. The victim pulled her car into the garage next to Ward's car, popped her hood, and retrieved a rod from her trunk to hold the hood up. When the victim walked to the front of her car, she saw the garage door going down. Ward then grabbed the victim's wrist, and tried to pull her skirt up and pull her panties down. Although the victim tried to fight Ward, he forcibly pulled her by her arm inside the house and into the living room using both of his hands. Ward then forcibly had sex with the victim on the floor and on a love seat.

Afterward, Ward tried to convince the victim to give him a ride. The victim refused and started to walk out of the house and back into the garage so that she could find the garage door opener and get out. Ward again grabbed the victim's arm and started pulling her back into the house. The victim saw an alarm pad on the wall and pressed a button on the pad hoping the police would come. Ward then forced the victim into a nearby bedroom, threw her on the bed and again forced her to have sex with him. When Ward went to the kitchen, the victim went back into the garage, retrieved her phone and called 911. Before the victim had an opportunity to speak with anyone, Ward came back into the garage and took her phone. When the victim finally convinced Ward to open the garage, she backed her car out with the hood still

3

up. The police showed up a few minutes later. The victim was later examined by a nurse who observed abrasions all over the victim's body.

1. Ward contends that the evidence was insufficient to establish the asportation element of kidnapping. We disagree.

"A person commits the offense of kidnapping when [he] abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." OCGA § 16-5-40 (a). "For the State to prove the essential element that the defendant has 'stolen away' or 'abducted' his alleged victim, it must show that an unlawful movement, or asportation, of the person has taken place against [the victim's] will." (Citation and footnote omitted.) *Brashier v. State*, 299 Ga. App. 107, 109 (2) (681 SE2d 750) (2009). Under the kidnapping statute, "slight movement shall be sufficient; provided, however, that any such slight movement of another person which occurs while in the commission of any other offense shall not constitute the offense of kidnapping if such movement is merely incidental to such other offense." (Emphasis supplied.) OCGA § 16-5-40 (b) (1).[3] "Movement shall not

___

[3] In 2008, the Supreme Court of Georgia held that the asportation required to support a conviction for kidnapping must be more than "slight," and set forth a four-part test to aid in the determination of whether the asportation element was met: (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part

4

be considered merely incidental to another offense if it: (A) Conceals or isolates the victim; (B) Makes the commission of the other offense substantially easier; (C) Lessens the risk of detection; *or* (D) Is for the purpose of avoiding apprehension." (Emphasis supplied.) OCGA § 16-5-40 (b) (2).

Here, the evidence showed that after Ward forced the victim to have sexual intercourse in the living room, the victim tried to exit the house and also tried to summon the police by pressing a key on the alarm pad. Ward stopped the victim from leaving by grabbing her arm. He then forced her into a nearby bedroom, threw her on the bed and forced her to have sex with him. In doing so, Ward made it substantially easier to commit the charged offense of rape in the bedroom (Count 2), and lessened the risk that he would be detected. See OCGA § 16-5-40 (b) (1); see also *Brown v. State*, 291 Ga. 750 (733 SE2d 300) (2012) (movement of victim from front of house to back bathroom was not insignificant, was not an inherent part of other charged

---

of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008); see also *Bryant v. State*, 304 Ga. App. 755, 756-757 (1) n. 1 (697 SE2d 860) (2010). After the *Garza* decision, the legislature amended the kidnapping statute, effective July 1, 2009, to provide that slight movement is sufficient to establish kidnapping as long as the movement was not incidental to another offense. See *Hammond v. State*, 289 Ga. 142, 143 (710 SE2d 124) (2011). The 2009 amendment is applicable here since the incident occurred in June 2010.

crimes and placed victim in more dangerous situation). As a result, the movement of the victim was not merely incidental to any other charged offense, and the evidence was sufficient to establish the asportation element of the kidnapping charge.

To the extent Ward contends that his conviction for kidnapping with bodily injury is inconsistent with his acquittal on the rape and aggravated assault charges, his contention is without merit, as it is nothing more than an attempt to invoke the inconsistent verdict rule, which has been abolished. See *Taylor v. State*, 282 Ga. 502, 504 (4) (651 SE2d 715) (2007); see also *Baker v. State*, 254 Ga. App. 19, 20 (1) (561 SE2d 185) (2002) (defendant's conviction for kidnapping based on the use of a gun as the means of force was not inconsistent with his convictions for robbery as a lesser included offense of armed robbery and assault and battery as a lesser included offense of aggravated assault).

2. Ward contends that the trial court erred in charging the jury on kidnapping with bodily injury. Specifically, Ward argues that the indictment alleged the offense of rape with regard to the bodily injury element, whereas the trial court charged the jury that they could convict Ward if they found *any* injury. For the reasons set forth below, the trial court did not reversibly err.

Kidnapping with bodily injury is a separate and distinct offense that can be committed in multiple ways, depending on the type of bodily injury alleged in the indictment. See *Smith v. State*, 302 Ga. App. 222, 225 (2) (690 SE2d 867) (2010); *Hunter v. State*, 228 Ga. App. 846 (493 SE2d 44) (1997). The indictment in this case charged Ward with the offense of kidnapping with bodily injury by unlawfully abducting and stealing away the victim without lawful authority and holding her against her will. The indictment further charged that the victim "received bodily injury, to wit: rape, in violation of OCGA § 16-5-40." In charging the jury, the trial court stated: "when during a kidnapping, the person abducted receives any bodily injury, however slight, then that constitutes the offense of Kidnapping with Bodily Injury." Since Ward failed to object to the jury charge as given, we review this contention for plain error. See *Durham v. State*, 292 Ga. 239, 240 (3) (734 SE2d 377) (2012). "Under this standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and seriously affects the fairness, integrity or public reputation of the judicial proceedings." (Citation and punctuation omitted.) Id at 241 (3).

The Supreme Court of Georgia has made clear that:

[w]here the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by [another method] with no limiting instruction. *The defect is cured, however, where the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.*

(Citations and punctuation omitted; emphasis supplied.) *Williams v. Kelley*, 291 Ga. 285, 286-287 (728 SE2d 666) (2012). Here, the trial court read the indictment to the jury verbatim at the beginning of trial, and the trial court sent the indictment out with the jury after instructing them that the State had the burden of proving "every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt." The trial court also charged the jury that they would be authorized to find Ward guilty of kidnapping with bodily injury only if they found that Ward committed that offense "as it is alleged in the indictment[.]" The evidence as set forth above, including evidence that the victim was covered with abrasions, supported a finding that she was forcibly raped. The State proved the asportation element of the kidnapping charge, and the trial court cured the defect in the jury

8

charge with respect to bodily harm. The evidence was clearly consistent with the jury's verdict. Accordingly, this Court will affirm.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*