**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 17, 2021**

# In the Court of Appeals of Georgia

A21A1350. SIMS v. THE STATE.

BARNES, Presiding Judge.

Following a bench trial in Gwinnett County, Tiki Rahee Sims was convicted of kidnapping his girlfriend. The trial court subsequently denied his motion for a new trial. On appeal, Sims contends that the evidence was insufficient to support his conviction. For the reasons discussed below, we affirm.

Construed in favor of the trial court's judgment of conviction entered in the bench trial,[1] the evidence shows the following. Sims and his girlfriend met in 2018. Within a few weeks, they became involved in a relationship and moved in together. However, in July 2018, Sims physically attacked his girlfriend, and she moved out of their apartment the following month.

---

[1] See *Mays v. State*, 306 Ga. App. 507, 507 (703 SE2d 21) (2010).

Although they no longer lived together, Sims and his girlfriend continued to see each other. On November 2, 2018, they made plans to attend a party together that night in Gwinnett County, but a verbal disagreement between the two led the girlfriend to decide to go by herself. Because the party was only a short distance from her new residence, she decided to walk. As the girlfriend was walking up the driveway of the house where the party was taking place, Sims drove up and told her to get into his car. When the girlfriend started walking down the driveway back to her house, Sims followed her in his car and continued to demand that she get inside. After she refused his repeated demands, Sims got out of his car, grabbed her from behind, and dragged her into the backseat of the car on the driver's side.

After forcing his girlfriend into the backseat of his car, Sims drove from Gwinnett County to DeKalb County. While Sims drove, his girlfriend called 911, but her calls kept disconnecting. She was able to connect to the 911 operator long enough to explain that Sims would not let her out of the car and to describe some of the roads and businesses that they were passing in the car. While the girlfriend was attempting to call back the 911 operator, Sims stopped the car, pulled her out of the backseat, grabbed her phone, threw her to the ground, choked her, and hit her in the face. Sims

2

then forced her into the backseat of the car again and continued driving. Ultimately, Sims hit a curb as he tried to reach back and strike his girlfriend in the backseat, whereupon his girlfriend jumped out of the still-moving car.

After jumping from the car, Sims's girlfriend ran to a nearby gas station as she screamed for help. The store clerk called 911, and DeKalb County police officers responded to the scene. Sims's girlfriend told the officers what had happened. She subsequently had a family member drive her to a hospital in Gwinnett County, where she was treated for her injuries and spoke with a Gwinnett County police officer about what had occurred. The Gwinnett County officer observed that she had swelling to her face and neck and lacerations on her right hand and right knee, and he photographed her injuries.

In the early morning hours of November 3, 2018, a DeKalb County police officer responded to a call about a suspicious vehicle located less than a mile from the gas station where Sims's girlfriend had fled. Upon arriving at the location of the vehicle, the officer came into contact with Sims. The officer noticed that Sims's car had two flat tires on the passenger side and asked him what had happened. Sims initially claimed that he ran over a nail, but he later maintained that a friend had been driving the car and ran over the nail. Sims never mentioned anything to the officer

3

regarding his girlfriend.

At trial, Sims's girlfriend testified to events as previously summarized, and the State introduced into evidence the 911 recording and the photographs of her injuries. The State called as witnesses the Gwinnett County officer who spoke with the girlfriend at the hospital and photographed her injuries, and the DeKalb County officer who responded to the suspicious vehicle call and spoke with Sims. The State also introduced into evidence recordings of phone calls that Sims made from jail after his arrest in which he tried to persuade two people to make false statements about the case to a police investigator.

Additionally, the State introduced evidence of the prior July 2018 incident between Sims and his girlfriend. Specifically, Sims's girlfriend testified that in July 2018, Sims got upset and woke her up while she was sleeping on the couch, repeatedly hit her in the back, kicked in the bedroom door when she tried to flee there, and twice choked her unconscious. The police officer who responded to the July 2018 incident testified that he had observed bruising on the girlfriend's neck and damage to the door frame.

After the State rested, Sims elected to testify and denied physically attacking his girlfriend or forcing her to get into or to stay in his car on the night of the party.

4

He also denied attacking his girlfriend or breaking the door during the prior July 2018 incident. On cross-examination, Sims admitted that he called two individuals from jail and tried to persuade them to lie to the police investigator in an effort to undermine his girlfriend's claim that she had been kidnapped.

On appeal, Sims contends that the evidence was insufficient to support his kidnapping conviction. We disagree.

> The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment. We determine evidence sufficiency and do not weigh the evidence or determine witness credibility. We will affirm the trial court's judgment if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Lamb v. State*, 355 Ga. App. 65, 66 (1) (842 SE2d 514) (2020). See *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

The indictment charged Sims with kidnapping his girlfriend in Gwinnett County. "A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." OCGA § 16-5-40 (a). To prove that the defendant

5

abducted or stole away the victim, the State must show that an unlawful movement, or asportation, of the person took place against the victim's will. *Floyd v. State*, 342 Ga. App. 438, 440 (1) (803 SE2d 597) (2017). "The offense of kidnapping is declared to be a continuous offense, and venue may be in any county where the accused exercises dominion or control over the person of another." OCGA § 16-5-40 (f).

The evidence presented at trial and summarized above was sufficient to authorize a rational trier of fact to find Sims guilty beyond a reasonable doubt of the charged offense of kidnapping. *Jackson,* 443 U.S. at 319 (III) (B). The girlfriend's testimony that Sims forced her into his car and held her there against her will as he drove from Gwinnett County to DeKalb County was sufficient, standing alone, to support Sims's conviction. See OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Mayes v. State*, 336 Ga. App. 55, 58-59 (2) (783 SE2d 659) (2016) (concluding that the evidence was sufficient to support kidnapping conviction, where there was testimony that the defendant grabbed the victim's arm as she tried to walk away from his car, pulled her into the car, and then drove her to his apartment). Although Sims testified that he did not commit the charged offense, the trier of fact was not required to believe his testimony, nor to disbelieve any of the State's witnesses. *Brown v. State*, 324 Ga. App. 718, 720 (1)

(751 SE2d 517) (2013). As we have repeatedly emphasized, it is the function of the trier of fact to resolve conflicts in the evidence and to determine witness credibility. *Lavji v. State*, 248 Ga. App. 897, 898 (1) (547 SE2d 628) (2001). Accordingly, Sims's challenge to the sufficiency of the evidence is unavailing.

*Judgment affirmed. Gobeil and Markle, JJ., concur.*