## 35876. HARDY v. THE STATE.

CLARKE, Justice.

This is an appeal by appellant of his conviction for murder and sentence to life imprisonment. The underlying facts of the crime for which appellant was convicted are identical to those in *Hardy v. State,* 245 Ga. 272 (1980), an opinion rendered on an appeal by appellant's brother and co-defendant, Kenneth Hardy. Appellant in his sole enumeration of error specified the following: The trial judge abused his discretion in allowing the chief investigative officer to remain in the courtroom and testify as the eighteenth (18th) witness for the state when the appellant invoked the rule of sequestration.

Appellant's counsel objected to the presence of the

investigating officer in the courtroom and to the fact that the prosecution intended to call the officer to testify after other witnesses had appeared on the witness stand. In overruling these objections, the court said: ". . . I don't want to dictate to either the Sheriff . . . I mean to the State or the defense how they present their case. I'm going to leave that to the lawyers handling the case as to what sequence they'll call witnesses in. I'll not require the State to call him first." The court overruled similar objections in the co-defendant's case, *Hardy v. State,* supra, and made a similar statement in justification of its ruling. In reviewing that ruling, we found "[t]he orderly presentation of evidence being a proper reason for an exception to the rule of sequestration, and the trial judge having based his ruling upon this exception, we find no error." See also *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1972). This rule is controlling in this case also.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 25, 1980 — DECIDED APRIL 22, 1980.

*Stan Durden,* for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.