## 60445. SMITH v. THE STATE.

BANKE, Judge.

The appellant, Terry Prior, and Adolphus Raymond were indicted for robbery following a purse-snatching incident. After both the state and the defense had rested, Raymond, who had plead guilty to the charge on the previous day, indicated that he wished to testify. His testimony was admitted over the objection of appellant's defense attorney, who also represented Raymond. The district attorney stated in his place that he was not aware of what testimony Raymond would give and had not discussed the matter with him. Raymond then testified, admitting his guilt and stating that the appellant was a party to the crime. He confirmed that he had not discussed his

testimony with the district attorney or anyone in his office and stated that he had decided to testify because the other defendants had denied guilt at trial and had named him as the perpetrator.

Appellant contends that the admission of Raymond's testimony presented a conflict of interest which deprived him of the effective assistance of counsel in derogation of his rights under the Sixth Amendment to the United States Constitution. He also contends that the trial court abused its discretion by permitting this witness to testify after both sides had rested. *Held:*

1. "Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown." *Hurt v. State,* 239 Ga. 665, 672 (238 SE2d 542) (1977); *Davis v. State,* 242 Ga. 901 (7) (252 SE2d 443) (1979). This rule is one of long standing in our courts and absent some fair risk of prejudice to one of the parties is one we do not seek to discourage. However, in this case, the record reveals that the witness had previously made an out-of-court statement to the trial judge concerning his testimony, the contents of which were obviously not revealed either to the other defendants or to the attorneys. Pretermitting any determination on our part as to whether a conflict of interest arose from the fact that Raymond's attorney also represented the appellant, we find that reopening the evidence to allow the testimony under these circumstances was reversible error.

2. Appellant next contends that his pre-trial statement was involuntary and that its admission into evidence was error. A hearing held in accordance with Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), established that the appellant went voluntarily to the police station where he was given the warnings prescribed by the United States Supreme Court in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), which he waived. There was no contradictory evidence concerning the warnings, nor was there any evidence suggesting that the statement was given involuntarily or under duress. This enumeration is without merit.

3. Also enumerated as error is the court's failure to charge on "parties to crime" within the meaning of Code Ann. § 26-801, although no request for such charge was made. The evidence being sufficient to support the appellant's conviction as a principal, we need not consider this contention. *Thadd v. State,* 231 Ga. 623 (1) (203 SE2d 230) (1974).

4. Finally, appellant urges that the trial court erred in its charge to the jury regarding the form of their verdict. The charge was that the jury could find both of the defendants not guilty, guilty, or one guilty and the other not guilty. The charge was neither erroneous nor confusing. This enumeration of error is without merit.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 3, 1980 — DECIDED
NOVEMBER 24, 1980.

*Bobby L. Hill, Robert E. Robinson, Randall Schmidt,* for appellant.
*William F. Todd, Jr., Assistant District Attorney,* for appellee.