S95A0927. DAVIE v. THE STATE.
(463 SE2d 112)

FLETCHER, Presiding Justice.

Andree Davie was convicted of felony murder and cruelty to children in the death of Amber Hudson, a two-and-a-half-year-old child.[1]

---

[1] The death occurred February 10, 1993. Davie was indicted on July 29, 1993. The verdict and sentence were filed on February 25, 1994. Davie filed a motion for new trial on March 18, 1994 and amended it on December 2, 1994. The trial court denied the motion on February 2, 1995. Davie filed his notice of appeal on March 2, 1995. The case was docketed in this Court on March 10, 1995 and submitted for decision without oral argument on May 1, 1995.

He was sentenced to life imprisonment on the felony murder count and to a concurrent 20-year term on the cruelty to children count. Davie primarily challenges the sufficiency of the evidence. Because we find the evidence sufficient we affirm his murder conviction. We must, however, vacate the sentence on the cruelty to children count because that count merged as a matter of law into the felony murder count.

1. The evidence showed that Amber died as a result of burns on her lower body caused by scalding water after being left in the care of Davie, whose wife worked with Amber's mother. On February 9, 1993, Amber's mother dropped her off at Davie's apartment. Davie was the only caretaker in the home for the majority of the day. Around 1:30 p.m. a neighbor of Davie's heard a child crying, interrupted by intense screams. Around midnight, Davie called for medical assistance and an ambulance took Amber to the hospital, where she was declared dead around 1:30 a.m. One of the emergency dispatchers testified that Davie told her he had placed the child in the tub. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Davie guilty of the crimes charged.[2]

2. Davie challenges the denial of his motion for continuance. Davie's counsel announced on February 1 that he would be ready the week of February 22. On February 9, however, the court notified him that the case would not proceed until March 1. Despite this notice, the court informed counsel on February 21 that the case would proceed the week of February 22 as originally scheduled. Davie's counsel filed a motion for continuance on February 22, which the court denied, and the case was tried on February 24 and 25.

Where the court issues an erroneous trial notice, the court should be generous in accommodating counsel who have justifiably relied on official court notice in scheduling preparation time. We will not, however, reverse a trial court's decision on a motion for continuance except upon a clear abuse of the trial court's discretion.[3] We hold that the trial court did not abuse its discretion in this case because trial counsel had adequate time to investigate and prepare a defense and actually did so. At the hearing on the motion for new trial, Davie's trial counsel testified that in preparing for this case, he interviewed several of the state's witnesses, including the state's expert; he found and interviewed his own witnesses; he was able to meet with his client to discuss the defense; and he reviewed the state's file.

The state also makes the novel argument that Davie failed to preserve this error for appeal because he did not object to the court's

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976).

overruling the motion for continuance. Georgia has long since abolished the common law's requirement of a "bill of exceptions."[4] Once the trial court has addressed a party's motion or objection and has issued a ruling, the party adversely affected need not then further object or "except" to the trial court's ruling in order to preserve the issue for appeal.[5]

3. Davie may not be sentenced on both the felony murder charge and the underlying felony that was alleged by the indictment to support the felony murder charge.[6] Since cruelty to children was the underlying felony in this case, we direct the trial court to vacate the sentence for cruelty to children.

4. We have reviewed Davie's remaining enumerations of error[7] and find them to be without merit.

*Judgment affirmed with direction. All the Justices concur.*

Decided October 30, 1995.

*Clyde M. Urquhart,* for appellant.

*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., Franklin Aspinwall, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

[4] See OCGA § 5-6-49; see also 1 McCormick on Evidence, § 52 at 209 (4th ed. 1992).

[5] The same rule applies in civil actions. OCGA § 9-11-46.

[6] *Zackery v. State,* 257 Ga. 442, 443 (360 SE2d 269) (1987).

[7] Davie contends that the trial court erred: in failing to conduct an in camera review of the state's file; in allowing Davie's neighbor to testify; in restricting closing argument; in failing to instruct the jury to consider the cruelty to children count before the felony murder count; in allowing a doctor to testify as an expert; and in permitting the state to go beyond the scope of cross in its redirect of a witness. Davie also contends his trial counsel was ineffective.