## S07A0979. TAYLOR v. THE STATE.
### (651 SE2d 715)

SEARS, Chief Justice.

The appellant, Adrian Taylor, appeals from his conviction for the malice murder of Joshua Cook.[1] On appeal, Taylor contends, among other things, that the trial court erred by failing to charge on voluntary manslaughter and that he is entitled to a new trial because the jury's verdicts of guilty of malice murder but not guilty by reason of insanity of aggravated assault cannot logically be reconciled. Because we conclude that Taylor's contentions are without merit, we affirm his conviction.

1. The evidence at trial would have authorized a rational trier of fact to find that, in the early morning hours of October 14, 2004, Taylor was at the home of his friend, Joshua Cook, playing video games when Cook asked Taylor to perform oral sex on Cook. Taylor became angry with Cook, left his house, and sat outside at the end of his street for 30 to 45 minutes and smoked some marijuana. Taylor then went to his nearby home, retrieved a car jack, and returned to Cook's residence. According to Taylor, he broke out the light at the front corner of Cook's house that illuminated the driveway in order to "darken the scene." Taylor stated that he opened Cook's carport door, went quietly into Cook's kitchen, and "crept down the hallway" to Cook's bedroom. Taylor added that he "peeked around the corner" of Cook's bedroom and saw that Cook was playing video games, with his back turned to Taylor. Taylor then "crept up" behind Cook and hit him four or five times with the car jack. Taylor added that Cook began convulsing on the floor and that, when he saw Cook suffering, he strangled Cook with the video game cord for about four or five

---

[1] The crimes occurred on October 14, 2004, and Taylor was indicted on April 20, 2005, for the malice murder of Cook by strangling him to death and for the aggravated assault of Cook by striking him with a car jack. On December 5, 2005, a jury found Taylor guilty of malice murder but not guilty by reason of insanity on the aggravated assault charge. On December 6, 2005, the trial court sentenced Taylor to life in prison without possibility of parole. On December 30, 2005, Taylor filed a motion for new trial, and on March 22, 2006, the court reporter certified the trial transcript. On May 18, 2006, Taylor amended his motion for new trial, and on October 5, 2006, the trial court denied the motion for new trial, as amended. On October 12, 2006, Taylor filed a notice of appeal, and on March 20, 2007, the appeal was docketed in this Court. The appeal was subsequently submitted for decision on briefs.

minutes "until [Cook] quit suffering." Taylor dragged Cook's body to the backyard with the intention of hiding the body in the basement. Taylor, however, stated that he was unable to pull the body into the basement and that he left the body in the backyard and went home.

The State's medical examiner testified that Cook had been struck six times in the face and head with a heavy object, but that the cause of death was strangulation.

At trial, Taylor testified that, as a child, he had been molested by a man, and that part of his anger towards Cook arose because he thought about that incident after Cook asked him to perform oral sex on him. A licensed psychologist who testified for Taylor stated that he interviewed Taylor and gave him some psychological tests and that there was a strong possibility that, due to his molestation as a child, Taylor was suffering from post-traumatic stress disorder at the time he attacked Cook. The psychologist also testified that, if a person has a "full blown episode . . . as though they were in the past traumatic experience," he would not be able to distinguish right and wrong.

In rebuttal to the psychologist's testimony, the State presented the testimony of a forensic psychologist who testified that she evaluated Taylor for competency to stand trial and for criminal responsibility. The psychologist testified that she concluded that Taylor was competent to stand trial, that he was not suffering from any delusional compulsion at the time of the crime, and that he understood the difference between right and wrong at the time of the crime. In the latter regard, she testified that several factors led her to conclude that Taylor had knowledge that what he was doing was wrong, including the fact that he broke out a light to help conceal himself, that he snuck down a hallway, that he snuck into the victim's room, and that he initially attempted to conceal the victim's body and the car jack.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Taylor guilty of malice murder beyond a reasonable doubt.[2]

2. Taylor contends that the trial court erred in failing to give his requested charge on voluntary manslaughter. We disagree. The evidence shows that Taylor acted in a rational and calculating fashion in retrieving the car jack, breaking out the exterior light to hide his activities, and in quietly sneaking into and through Cook's house to his bedroom. In other words, because the evidence does not show that

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Taylor acted "solely as a result of a sudden, violent, and irresistible passion,"[3] he was not entitled to a charge on voluntary manslaughter.[4]

3. In his second and third enumerations of error, Taylor contends that the trial court erred in permitting the State to reopen the evidence after it had presented its case-in-chief and rested. This Court, however, has adopted a liberal rule in this regard, and grants trial courts very broad discretion in permitting parties to offer additional evidence at any stage of the trial.[5] It has been noted that "leniency in this area is very unlikely to constitute an abuse of discretion," as "[t]he appellate courts are guided by OCGA § 24-1-2," which provides that " '[t]he object of all legal investigation is the discovery of truth.' "[6] In the present case, we conclude that Taylor has failed to show that the trial court abused its discretion in permitting the State, after it concluded its case-in-chief, to play portions of Taylor's videotaped statement to the police or to present testimony from the victim's mother.

4. Taylor contends that the jury's verdicts of guilty of malice murder but not guilty of aggravated assault by reason of insanity are contradictory and cannot stand. To the extent that Taylor contends the verdicts in question are inconsistent, this Court has abolished the inconsistent verdict rule.[7] Moreover, to the extent that Taylor contends that the verdicts are mutually exclusive, the contention is without merit. Verdicts are mutually exclusive and cannot stand only if two guilty verdicts are returned and a finding of guilty on one count logically excludes a finding of guilty on another count.[8] In *Shepherd*, we held that the mutually exclusive verdict rule does not apply "where a verdict of not guilty by reason of insanity and a guilty verdict [a]re returned with respect to offenses against the same victim occurring simultaneously."[9] Accordingly, in the present case, the rule against mutually exclusive verdicts does not apply to the verdicts returned by the jury, and Taylor's conviction of malice murder may stand.

*Judgment affirmed. All the Justices concur.*

---

[3] OCGA § 16-5-2 (a).

[4] See *Culmer v. State*, 282 Ga. 330 (647 SE2d 30) (2007); *Hunter v. State*, 281 Ga. 693, 695 (642 SE2d 688) (2007).

[5] *Page v. State*, 249 Ga. 648, 651 (292 SE2d 850) (1982); *State v. Roberts*, 247 Ga. 456, 456-458 (277 SE2d 644) (1981).

[6] Paul S. Milich, Georgia Rules of Evidence § 13.4, p. 228 (2d ed. 2002).

[7] *Shepherd v. State*, 280 Ga. 245, 248-249 (626 SE2d 96) (2006).

[8] Id.

[9] Id. at 249.

DECIDED OCTOBER 9, 2007.

*Stanley W. Schoolcraft III*, for appellant.

*Jewel C. Scott, District Attorney, Marc A. Pilgrim, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.