A07A1914. STAFFORD v. THE STATE.
(655 SE2d 221)

BARNES, Chief Judge.

Glenn Hall Stafford appeals his conviction for child molestation. He contends that the trial court abused its discretion by making an exception to the rule of sequestration and allowing the lead investigating officer, who later testified, to sit at the State's table throughout the trial. Because the trial court did not abuse its discretion, we affirm.

Viewed to support the verdict, the evidence shows that 46-year-old Stafford was waiting in the 14-year-old female victim's home for the victim's mother to return when the victim came home with a female friend. It was not unusual for him to be in the home. He was drinking alcohol, and the victim believed him to be drunk. The victim and her friend went to the victim's bedroom.

A short time later Stafford entered the bedroom and talked about undressing and getting into bed with the girls. The victim, who testified that she was uncomfortable with the direction of the conversation, left the room and Stafford followed her to the kitchen and locked the sliding glass door. When the victim left the kitchen, Stafford followed her to her mother's bedroom, where he fondled her "lower private area" through her clothes. She retreated to her own bedroom and got under the covers in bed. He followed her into her room, pulled the covers off her, and fondled her again. Following a *Jackson-Denno* hearing, Stafford's confession that he touched the victim's vagina was admitted into evidence. We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Stafford guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Before trial, Stafford asked that the lead police investigator be sequestered along with the rest of the witnesses instead of remaining at the State's table during the trial. The prosecutor replied that she wanted the investigator to sit at the table because "[h]e investigated the case [and] he's assisted me in the prosecution of the case." The trial court denied Stafford's request, and the investigator subsequently testified that his attempt to interview Stafford was fruitless and that he had observed another officer obtain Stafford's later confession.

1. The State contends that Stafford waived his right to raise this issue on appeal because he did not object to the investigator's presence during the trial after the court denied his motion to sequester. We disagree. "Once the trial court has addressed a party's motion or objection and has issued a ruling, the party adversely affected need not then further object or 'except' to the trial court's ruling in order to preserve the issue for appeal." (Citation omitted.) *Davie v. State*, 265 Ga. 800, 802 (2) (463 SE2d 112) (1995). See OCGA § 5-6-49 (a). Because Stafford raised the issue of sequestration by motion, he did not have to object during the trial to preserve the issue for appeal.

2. Stafford contends that the court erred by allowing the State's investigator to remain at the State's table during both the *Jackson-Denno* hearing and throughout the trial, arguing that the prosecutor did not assert that the investigator was needed to assist in the prosecution.

As a general rule, witnesses should be sequestered. OCGA § 24-9-61. The purpose of the rule of sequestration is to prevent a witness who has testified from influencing a witness who has not. *Howard v. State*, 263 Ga. App. 593 (588 SE2d 793) (2003). But exceptions to the rule exist. The trial court may allow an investigative officer to remain in the courtroom to assist the prosecutor in "[t]he orderly presentation of evidence." *Hardy v. State*, 245 Ga. 673, 674 (266 SE2d 489) (1980). A trial court is vested with the discretion to make an exception to the sequestration rule for the chief investigating officer and the discretion will not be reversed on appeal unless abused. *Norman v. State*, 255 Ga. 313, 316 (3) (338 SE2d 249) (1986). See also *Warner v. State*, 281 Ga. 763, 765 (2) (642 SE2d 821) (2007) (exception of investigator from rule of sequestration is within trial court's discretion).

In this case, the trial court thoroughly considered Stafford's motion and the cases he presented, and concluded that "the precedent is and the authority is" that the prosecutor may simply state that the officer is necessary to assist in the orderly presentation of the case. Stafford argues that the State only said that the officer *had* assisted in prosecuting the case, not that it currently needed the officer to assist during the trial. The State responds that this argument is

"simply a matter of semantics," and a misinterpretation of the prosecutor's statement. The trial court apparently interpreted the prosecutor's statement to mean she currently needed the officer's assistance during the trial, and we cannot say that the court abused its discretion by finding that the State sufficiently stated its need for the officer's assistance to prosecute the case.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 1, 2007 —
RECONSIDERATION DENIED DECEMBER 4, 2007 — 

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney*, for appellee.