## A09A2237. SIRMANS v. THE STATE.

(688 SE2d 669)

PHIPPS, Judge.

After a jury trial, Undray Sirmans was convicted of possession of marijuana. On appeal, he contends that the evidence was insufficient, that the trial court erred by reopening the evidence, that documents containing hearsay were admitted in evidence, that the rule of sequestration was violated, that his character was impermissibly impugned, and that the trial court erred by denying his motion for new trial. Because Sirmans has shown no reversible error, we affirm.

1. Sirmans contends that the evidence was insufficient to support his conviction. When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

So viewed, the evidence showed that on October 3, 2007, in Henry County, a vehicle — left unattended in a store parking lot, angled across a space reserved for handicap parking, and with its engine running and a door standing open — drew the attention of Gregory Lyons, a police officer with the City of McDonough. Lyons, dressed in uniform, stopped his marked patrol vehicle and entered the store. Inside, he saw only the store attendant and Sirmans, and he noted that Sirmans was purchasing cigarette rolling paper. Sirmans responded to the officer's question that the vehicle in the parking lot was his. The two walked to Sirmans's vehicle, and Lyons asked to search it. Sirmans denied the request. When Sirmans started "digging" in his pants pockets, Lyons ordered Sirmans several times to take his hands out of his pockets. Sirmans bent at his waist and lunged toward Lyons, but was stunned to the ground by the officer's Taser gun. Lyons, along with another officer who also was at the scene, arrested Sirmans, searched him for weapons, and found in one of his pants pockets a bag of marijuana.

In contending that the evidence was insufficient, Sirmans points to what he claims were weaknesses, conflicts and inconsistencies in the state's case.

> But any evidentiary weaknesses, conflicts, or inconsistencies [were] for the jury to resolve. We do not speculate which evidence the jury chose to believe or disbelieve. Where as

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (emphasis omitted).

here, there [was] some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.[2]

2. Sirmans complains that the trial court reopened the evidence to allow the state to introduce impeachment evidence against the sole defense witness. That witness claimed to have observed the underlying incident from a nearby parking lot and testified that Sirmans had not lunged at the officer (Lyons), but had been stunned for no apparent reason. Pertinent here, this witness testified that even as of the date of the trial, she did not know Sirmans.

Thereafter, the evidence was closed, and court was recessed for lunch. Before the jury was summoned back to the courtroom, however, the prosecutor reported to the court that, during the lunch break, Lyons (who, as the state's lead investigative officer, had remained in the courtroom during each witness's testimony) had uncovered information that he believed showed that the defense witness was not a disinterested bystander, but Sirmans's acquaintance. The court granted the state's request to reopen the evidence and continued the trial to permit both sides to look further into what the court viewed as newly discovered impeachment evidence. When the trial reconvened the next afternoon, the state called Lyons and several other witnesses whose testimony collectively authorized a finding that the defense witness had been untruthful during her testimony.

More specifically, the evidence showed that, six months before Sirmans's trial a Henry County police officer conducted a traffic stop of a Camry that Sirmans was driving. The officer who stopped Sirmans testified that Sirmans claimed that the car belonged to his girlfriend. The officer checked the Georgia tag registration, and the tag on the Camry was registered to an individual with the same name as the defense witness: Myrthou Chery.

The evidence further showed that, four months before Sirmans's trial, a Henry County police officer was dispatched in response to a 911 call to a parking lot, where a man and a woman were reportedly fighting in a Camry. The responding officer testified that the man involved was Sirmans; that the woman, who appeared pregnant, told him she was Sirmans's girlfriend; and that there also was a small child in the car. The woman handed the officer her identification; it showed the name: Myrthou Chery. The officer "called-in" the information he collected at the scene.

---

[2] *Segel v. State*, 293 Ga. App. 506, 507 (1) (a) (667 SE2d 670) (2008) (punctuation and footnotes omitted); see *Jackson v. Virginia*, supra.

In addition, the evidence showed that, a month before Sirmans's trial, a woman who called the Henry County Department of Family and Children Services (DFCS) gave as her name: Myrthou Chery. According to the DFCS employee who oversaw the section that determined eligibility for various types of federal assistance, the woman's call was in reference to her child, and she stated that her child's father was Undray Sirmans.

Sirmans has failed to show that the trial court erred in reopening the evidence. The Supreme Court of Georgia has adopted a liberal rule in this regard, granting trial courts

> very broad discretion in permitting parties to offer additional evidence at any stage of the trial. It has been noted that leniency in this area is very unlikely to constitute an abuse of discretion, as the appellate courts are guided by OCGA § 24-1-2, which provides that "[t]he object of all legal investigation is the discovery of truth."[3]

Granting the state's request to permit the evidence was not an abuse of discretion.

3. Sirmans asserts that, when the evidence was reopened, the state presented four exhibits that contained hearsay.

One exhibit was identified as a "CAD report" by a dispatch worker at Henry County 911; the CAD report at issue concerned a man reportedly fighting with a woman in a Camry in a parking lot. According to the dispatch worker, the CAD report showed "everything that's put in about any call starting from the time that we received the call to anything that's typed in the call." She had been the dispatch worker who had spoken with the responding officer and she testified that some of the information contained in the CAD report was based upon what the officer had called in. The CAD report, identifying Undray Sirmans and Myrthou Chery as the involved parties, was admitted without objection.

A second exhibit was identified by the same witness as a CAD report of Sirmans's traffic stop. That exhibit was admitted as a business record without objection.

A third exhibit was identified by a Henry County employee responsible for obtaining information from the Georgia Crime Information Center (GCIC) as a GCIC report showing that the tag checked when Sirmans was stopped in the Camry was registered to a person with the name: Mrythou Chery. This document was admitted without any objection.

---

[3] *Taylor v. State*, 282 Ga. 502, 504 (3) (651 SE2d 715) (2007) (punctuation and footnotes omitted).

The fourth exhibit, identified by the DFCS employee who testified, was a DFCS record showing that a DFCS customer named "Myrthou Chery" had given "Undray Sirmans" as the name of her child's father. This document also was admitted without any hearsay objection.

Sirmans's failure to lodge hearsay objections at trial waived any hearsay issue.[4] Consequently, Sirmans is procedurally barred from raising such issue on appeal.[5]

4. Sirmans contends that the rule of sequestration was violated in connection with Lyons, who testified during the state's case in chief, thereafter remained in the courtroom, conducted a brief investigation during trial recess, then testified again when the evidence was reopened.

> As a general rule, witnesses should be sequestered. The purpose of the rule of sequestration is to prevent a witness who has testified from influencing a witness who has not. But exceptions to the rule exist. The trial court may allow an investigative officer to remain in the courtroom to assist the prosecutor in the orderly presentation of evidence. A trial court is vested with the discretion to make an exception to the sequestration rule for the chief investigating officer and the discretion will not be reversed on appeal unless abused.[6]

Defense counsel invoked the rule before the first witness was called, and the prosecutor immediately designated Lyons as the state's prosecuting witness. The court responded, "Okay. So all witnesses in this need to get out of the courtroom." The trial court apparently interpreted the prosecutor's statement to mean that the state needed, during the trial, the assistance of Lyons as the lead investigative officer, and we cannot say that the trial court abused its discretion by so finding.[7] Moreover, defense counsel made no objection at that time to Lyons being allowed to remain in the courtroom to assist the prosecutor; and Sirmans has not shown that he objected at any time during the trial proceeding that the rule of sequestration was being violated.

Nevertheless, Sirmans complains further about the witnesses who took the stand after the trial court reopened the evidence. With

[4] *Edwards v. State*, 282 Ga. 259, 260 (4) (646 SE2d 663) (2007).

[5] *Dyer v. State*, 278 Ga. 656, 659 (5) (604 SE2d 756) (2004).

[6] *Stafford v. State*, 288 Ga. App. 733, 734 (2) (655 SE2d 221) (2007) (citations and punctuation omitted); see OCGA § 24-9-61 (generally, in all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other).

[7] See *Stafford*, supra at 734-735.

no citation to the record, he asserts, "These witnesses discussed their testimony with Officer Lyons before testifying, and Officer Lyons told them about another witness's testimony, violating the rule of sequestration." Sirmans's bare assertion falls short of demonstrating reversible error based upon an improper communication.[8]

5. Sirmans complains that the evidence that he was reported as fighting a woman impermissibly impugned his character. The failure to object on this ground at trial waived this issue.[9]

6. Separately, Sirmans enumerates as error the trial court's denial of his motion for a new trial, repeating many of the individual claims of error. He has shown no basis, however, upon which the motion should have been granted.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

## DECIDED DECEMBER 18, 2009.

*E. Suzanne Whitaker*, for appellant.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.

---

[8] See *Ware v. State*, 279 Ga. 17, 18 (2) (608 SE2d 643) (2005) (appellant has the burden of proving trial court error by the appellate record, and must compile a complete record of what transpired in the trial court; otherwise, there is not sufficient information for an appellate court's review, and the trial court's ruling enumerated as error must be upheld).

[9] See *Ford v. State*, 256 Ga. 375, 381 (6) (349 SE2d 361) (1986).