A11A1302. RILEY v. THE STATE.
(715 SE2d 835)

MIKELL, Judge.

Following a jury trial, Tracey Riley was convicted of armed robbery, aggravated assault and possession of a firearm during the commission of a crime arising from the armed robbery of a pizza delivery woman. He appeals following the trial court's denial of his motion for new trial. Finding no error, we affirm.

Viewed in the proper light,[1] the evidence shows that on July 10, 2007, while Tina Rainwater was delivering a Domino's pizza in an apartment complex in Douglas County, Ezeikiel Clay confronted her and directed her down a stairway within the building. As Rainwater descended, she "realized that there [were] people under the stairwell." Christopher Ray then jumped in front of her, placed a gun near her face and ordered her to hand over the food and her money. As Ray gave orders, Kevin Charles took the food and money from Rainwater. Riley stood behind Rainwater during the robbery, touched her on her back, making her feel like someone was going to rape her. Once the robbery was completed, Rainwater was told she could leave, and the assailants escaped behind the building.

Law enforcement officers arrived at the scene of the robbery and

---

[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

followed a path of wet footprints leading from the scene to an apartment in the complex. Charles answered the door when the officers knocked and consented to the officers entering the apartment to look around. Officers located several occupants in the apartment, including Riley, who was pretending to be asleep with his cousin in the back bedroom. A search warrant was obtained and executed during which the gun used during the robbery was found stuffed inside a pillow near an empty Domino's chicken wing box bearing the address Rainwater was supposed to deliver to. An empty Domino's pizza box bearing the same address was located behind the dresser in the same bedroom.

Riley's sole enumeration of error is that the trial court erred in allowing the state to reopen the evidence in order to tender a photo of a "thug life" tattoo on Riley's upper right arm.

At trial, Riley put forth the defense of coercion. He argues that he had been hanging out and playing video games when he was intimidated into taking part in the armed robbery by Ray, who was holding a gun. On cross-examination, Riley was asked to identify State's Exhibit 41, a photograph of Ray taken on the day of the robbery. In the photograph, Ray is wearing a shirt with the words "Thug Life" printed on it. Riley was asked "[w]hat does thug life mean to you?" Riley replied that it was "[j]ust a plain, old shirt to me," and when pressed by counsel he stated that "I don't know what thug life means." For impeachment purposes, Riley was then shown the State's Exhibit 100, a photograph of a tattoo on his upper left arm that said "Thug Life." Riley again stated that he did not know what the term "Thug Life" meant and that had he had gotten the tattoo when he was young without knowing its meaning.

At the close of evidence and during the charge conference, the state's attorney pointed out to the trial court it had inadvertently rested its case without tendering State's Exhibit 100, the photograph of Riley's tattoo, into evidence. The Court reopened the evidence to allow the state to tender the photograph into evidence. Defense counsel objected because he had not seen the photograph until the state presented it, and because the evidence "has been closed for a good 40 minutes." Defense counsel did not object that the photos were unfairly prejudicial.

"Whether to reopen the evidence rests within the sound discretion of the trial court, and a trial court's ruling in this regard will only be reversed, if in the totality of the circumstances, the record on appeal demonstrates that the court abused its discretion."[2] The Supreme Court of Georgia has granted trial courts "very broad

---

[2] (Citation omitted.) *Overton v. State*, 270 Ga. App. 285, 291 (4) (606 SE2d 306) (2004).

discretion in permitting parties to offer additional evidence at any stage of the trial. It has been noted that leniency in this area is very unlikely to constitute an abuse of discretion."[3] This is because "appellate courts are guided by OCGA § 24-1-2, which provides that 'the object of all legal investigation is the discovery of truth.' "[4]

Under the circumstances of this case, we find no abuse of discretion. The record shows that the state had laid the foundation for the photo, authenticated it, and shown it to the jury. Although defense counsel was not shown the photograph of the tattoo prior to the trial, the trial court ruled that defendant had notice of tattoos upon his own body. Riley's ability to present a defense was not prejudiced by the court's action.[5] Accordingly, we find that the trial court did not abuse its discretion by reopening the evidence.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 17, 2011.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Nedal S. Shawkat, Assistant District Attorney*, for appellee.

---

[3] (Punctuation and footnote omitted.) *Sirmans v. State*, 301 Ga. App. 756, 758 (2) (688 SE2d 669) (2009), quoting *Taylor v. State*, 282 Ga. 502, 504 (3) (651 SE2d 715) (2007).

[4] (Punctuation and footnote omitted.) Id.

[5] *Peeples v. State*, 234 Ga. App. 454, 458 (5) (507 SE2d 197) (1998) (court did not abuse its discretion, in prosecution for possession of cocaine, in reopening evidence after motion for directed verdict to allow state to introduce additional testimony from a forensic chemist as to the results of a test regarding the contents of a pipe introduced during trial). Compare *Smith v. State*, 156 Ga. App. 563, 564 (1) (275 SE2d 140) (1980) (reopening evidence to allow testimony where witness had previously made an out-of-court statement to trial judge concerning his testimony, contents of which were not revealed to either defendants or attorneys, was reversible error).