**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 27, 2012**

# In the Court of Appeals of Georgia

A12A1141. CHIN PAK et al. v. GEORGIA DEPARTMENT OF
   BEHAVIORAL HEALTH & DEVELOPMENTAL
   DISABILITIES.

RAY, Judge.

Myong Hui Pak died on February 11, 2009 as a result of burn injuries inflicted by her adult daughter, Na Yong Pak. Myong Hui Pak's son, Chin Pak, individually and as the administratrix of his mother's estate, filed a wrongful death action against the Georgia Department of Behavioral Health & Developmental Disabilities ("DBHDD"), alleging that his mother's death resulted from the DBHDD's negligent psychiatric treatment of Na Yong Pak. The DBHDD moved to dismiss Chin Pak's complaint, claiming that the action was barred by sovereign immunity. The trial court granted the motion, and Chin Pak appeals. Because we are bound by our prior decisions and those of the Georgia Supreme Court on this issue, we affirm.

It is well-settled that

> [t]he party seeking to benefit from a waiver of sovereign immunity has the burden to establish waiver, and any suit brought to which an exception applies is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction. The trial court's ruling on the motion to dismiss is reviewed de novo, while factual findings are sustained if there is evidence supporting them.[1]

The State's waiver of sovereign immunity for tort claims is set forth in OCGA § 50-21-23 (a), the Georgia Tort Claims Act. Thirteen exceptions to the waiver are enumerated in OCGA § 50-21-24, and among them is the "assault and battery" exception, which says that "[t]he state shall have no liability for losses resulting from . . . [a]ssault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights."[2] This exception has been interpreted to mean that "where a loss results from assault or battery, there is no waiver of sovereign immunity, even though a private individual or entity would be liable under like circumstances."[3]

---

[1] (Punctuation and footnotes omitted.) *Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 57 (666 SE2d 383) (2008).

[2] OCGA § 50-21-24 (7).

[3] (Punctuation omitted.) *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 393 (1) (544 SE2d 165) (2000), disapproved in part on other grounds, *Ga. Dept. of Transp. v. Heller*, 285 Ga. 262, 265-266 (1) (674 SE2d 914) (2009).

This Court has consistently held that in determining whether the exception for assault and battery applies, "the focus is not on the government action taken or the duty allegedly breached by the government, but on the act causing the underlying loss, and it is not necessary that such act have been committed by a state officer or employee."[4] The Supreme Court of Georgia has affirmed this reasoning, explaining that

> subsection (7) is not limited in application to acts taken by a State officer or employee but covers all losses resulting from the torts enumerated therein. The

---

[4] *Ardizonne v. Dept. of Human Resources,* 258 Ga. App. 858 (575 SE2d 738) (2002) (state governmental entities were entitled to the protection of sovereign immunity where a victim was fatally wounded by his son, who had been released from one of the state governmental entities and was getting outpatient services from another one of them); see also *Southerland*, 293 Ga. App. at 58 (1) (Georgia Department of Corrections was entitled to the protection of sovereign immunity where the victim was killed by his cell mate); *Davis v. Standifer*, 275 Ga. App. 769, 774-775 (1) (b) (621 SE2d 852) (2005) (state entities were entitled to the protection of sovereign immunity where the victim claimed a state patrol officer sexually assaulted her during a traffic stop); *Coley*, 247 Ga. App. at 394 (1) (the Department of Human Resources was entitled to the protection of sovereign immunity where the DHR placed the victim in a hospital and the victim was later strangled to death by another patient); *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-73 (1) (456 SE2d 642) (1995) (the Department of Human Resources was entitled to the protection of sovereign immunity where a juvenile delinquent, placed in a contract home by the DHR, shot the operator of the contract home).

3

focus, therefore, is not on the duty allegedly breached by the State but on the act causing the underlying loss regardless of who committed the act.[5]

In *Youngblood*, the plaintiff placed her mentally disabled daughter in a residential home sponsored by a state entity. The daughter was subsequently beaten while at this residential home, and the plaintiff sued the state entity.[6] The Supreme Court of Georgia found that because the underlying loss was the beating of the victim, and because this act constituted a battery, the state entity was immune from suit for any alleged negligence that may have occurred prior to the loss.[7]

These cases are indistinguishable and controlling. Here, Na Yong Pak had a history of mental illness and was diagnosed with paranoid schizophrenia and hallucinations after being involuntarily committed to Georgia Regional Hospital ("GRH"), a facility run by the DBHDD, in December 2008. Na Yong Pak's medical records at GRH indicate that while she was a patient she did not participate in her scheduled therapy, refused to take her medications, did not attend psychiatric sessions with hospital doctors, and was considered a danger to others. Despite objections from

---

[5] (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717 (3) (545 SE2d 875) (2001).

[6] Id. at 715.

[7] Id. at 717 (3).

her family, and although she continued to refuse medication or seek treatment, Na Yong Pak was discharged from GRH on January 29, 2009. On February 10, twelve days after being discharged, Na Yong Pak doused her mother in gasoline and set her on fire. Because the act causing the underlying loss in this case -- Na Yong Pak's setting Myong Hui Pak on fire -- constitutes an assault or battery, the exception in OCGA § 50-21-24 (7) to the waiver of sovereign immunity applies.[8]

Chin Pak argues that his complaint should not have been dismissed because the loss of which he complained was the result of an action involving murder, and the legislature did not intend to include the action of murder under the definition of assault and/or battery in OCGA § 50-21-24 (7). This argument, however, has been decided and rejected by this Court.[9] Chin Pak also asks us to disregard *Youngblood*.[10]

---

[8] See *Youngblood*, 273 Ga. at 717 (3); *Southerland*, 293 Ga. App. at 58-59 (1).

[9] See *Ardizonne*, 258 Ga. App. at 859.

[10] Conceding the long line of Georgia cases that have found that immunity applies in similar circumstances, Chin Pak nonetheless claims that the reasoning underlying those cases has been undermined in the wake of the Supreme Court of Georgia's decision in *Ga. Dept. of Transp. v. Heller*, 285 Ga. 262 (674 SE2d 914) (2009). In *Heller*, the Court found that two events were independently responsible for the plaintiff's loss in an automobile accident - one of which fell under the protection of sovereign immunity and one of which constituted conduct for which the Georgia Tort Claims Act expressly waived the protection of sovereign immunity. Because of the competing sections of the Georgia Tort Claims Act, the Supreme Court found that

5

But this Court has no authority to overrule or modify a decision made by the Georgia Supreme Court, as "[t]he decisions of the Supreme Court shall bind all other courts as precedents."[11] This case is indistinguishable from *Youngblood*, and "we are constrained to follow the holdings of our Supreme Court and apply its construction of the applicable statutes to the case at hand."[12] While we sympathize with the tragic circumstances of this case,

> [s]overeign immunity is a harsh doctrine, not an equitable one. Indeed, it is just the opposite of equity -- it is the state declaring that it cannot be sued even where it would otherwise be liable. Nevertheless, it is a constitutionally recognized doctrine, and the constitution expressly provides that immunity for tort claims can be waived only by a legislative act specifically providing for such waiver and setting forth the extent thereof.[13]

The trial court did not err in dismissing the wrongful death and negligence claims against the DBHDD.

---

the State had waived its sovereign immunity with respect to the car accident that lead to the victim's death. Not only does *Heller* not apply to the circumstances of this case, but the fact remains that the Supreme Court of Georgia has never overruled or modified its holding in *Youngblood*, 273 Ga. at 715, or reversed our Court's holdings in any of the other controlling cases.

[11] 1983 Ga. Const., Art. VI, Sec. VI, Par. VI.

[12] *Jones v. Wellon*, 237 Ga. App. 62, 65 (514 SE2d 880) (1999).

[13] (Footnote omitted.) *Coley*, 247 Ga. App. at 398 (3).

*Judgment affirmed. Mikell, P. J., and Miller, J., concur.*