**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 25, 2025**

# In the Court of Appeals of Georgia

A25A0529. PAULK v. WILSON.

McFADDEN, Presiding Judge.

Elena Wilson filed a complaint against Ashley Paulk, in his official capacity as Sheriff of Lowndes County, for injuries allegedly caused by a deputy's negligent operation of a sheriff's department vehicle. Sheriff Paulk filed a motion to dismiss the complaint, arguing that under the statutes waiving sovereign immunity for certain motor vehicle claims against local government entities, see OCGA § 36-92-1 et seq., he cannot be sued for the alleged negligence of the deputy. The trial court denied the sheriff's motion to dismiss and issued a certificate of immediate review. We granted Sheriff Paulk's application for interlocutory review, and this appeal followed. While Wilson could not sue Sheriff Paulk in his individual capacity for the deputy's alleged

negligence, her suit against the sheriff in his official capacity constitutes a claim against the county itself under OCGA § 36-92-1 et seq. So we affirm the denial of the motion to dismiss the claim.

"In 2002, the Georgia legislature enacted OCGA § 36-92-1 et seq., an Act titled 'Waiver of Immunity for Motor Vehicle Claims.'" *Gwinnett County v. Sargent*, 321 Ga. App. 191, 195 (2) (738 SE2d 716) (2013). The Act established a waiver of local government entities' sovereign immunity for the negligent use of a covered motor vehicle and the extent of such waiver. *McBrayer v. Scarbrough*, 317 Ga. 387, 392-393 (2) (b) (893 SE2d 660) (2023). OCGA § 36-92-2 (a) provides that "[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived" up to specified monetary limits. OCGA § 36-92-3 (b) mandates that "[a] person bringing an action against a local government entity under the provisions of this chapter *shall name as a party defendant the local government entity for which the officer or employee was acting and shall not name the local government officer or employee individually*." (Emphasis supplied). As used in the Act, the term "local government entity" is defined in pertinent part as "any county, municipal corporation, or consolidated city-county government of this state." OCGA

2

§ 36-92-1 (3). The definition of the term "local government officer or employee" was amended in 2019 to include "[a] sheriff, deputy sheriff, or other agent, servant, or employee of a sheriff's office." OCGA § 36-92-1 (4) (B). The uncodified preamble to that amendment states that its purpose is "to clarify that a sheriff's office shall be considered a local government entity and that a sheriff, deputy sheriff, or other agent, servant, or employee of a sheriff's office shall be included in such waiver for purposes of the waiver of sovereign immunity for local government motor vehicle claims[.]" Ga. L. 2019, p. 781, § 1/SB29. See *Spalding County Bd. of Elections v. McCord*, 287 Ga. 835, 837 (1) (700 S.E.2d 558) (2010) ("Although a preamble is not a part of the act and therefore cannot control over its plain meaning, it may be considered as evidence of the meaning of an ambiguous, codified law.").

Sheriff Paulk argues that since, under the plain language of the amended Act, he is a local government officer and not a local government entity, no claim may be brought against him for the alleged negligence of the deputy. Certainly, Sheriff Paulk cannot be sued individually for the alleged negligence of the deputy. See OCGA § 36-92-3 (b) (local government officer individually shall not be named a party defendant; and if local government officer is individually named, the local government

entity shall be substituted as the party defendant). See also *Nelson v. Strickland*, 320 Ga. 733, 736-737 (2) (911 SE2d 665) (2025) ("statutory language in OCGA § 36-92-3, providing that a person suing a local government entity . . . 'shall not name the local government officer or employee individually,' means that claims against a government employee in his individual capacity [are] improper and foreclosed").

But Sheriff Paulk was not sued individually, and instead was sued only in his official capacity. "Because [Paulk] was sued in his official capacity as sheriff of [Lowndes] County, . . . [Wilson's lawsuit was] a claim against the county itself." *McBrayer*, supra at 392 (2) (a) (citation and punctuation omitted) (involving claim brought against a sheriff in his official capacity for deputies' allegedly negligent use of covered vehicle under OCGA §§ 36-92-1 et seq.). Indeed, our Supreme Court has expressly held "that official-capacity claims against a county sheriff for a deputy's allegedly negligent use of a county-owned vehicle are claims against the county itself[.]" *Collington v. Clayton County*, 318 Ga. 29, 37 (2) (a) (897 SE2d 361) (2024).

Sheriff Paulk argues that *Collington* is distinguishable from the instant case because it addressed the issue of whether OCGA § 36-11-1, which provides that "[a]ll claims against counties must be presented within 12 months after they accrue or

4

become payable or the same are barred," applies to official-capacity claims against a county sheriff for the negligent use of a covered motor vehicle. *Collington*, supra at 29 & 33 (1). But in resolving that issue, the Supreme Court first addressed motor vehicle claims brought pursuant to OCGA § 36-92-1 et seq., including the 2019 amendment which added sheriffs to the definition of local government officers. The Supreme Court explained:

> The general rule[, that a suit brought against an officer of the state is in effect a suit against the state,] also applies to official-capacity claims filed against a county sheriff for losses arising from the negligent use of a covered motor vehicle. See OCGA § 36-92-1 et seq. Sheriffs are county officials, see Ga. Const. of 1983, Art. IX, Sec. I, Par. III, and generally, nothing about a sheriff's relationship with a county makes him or her different in kind for purposes of applying the general rule. Additionally, local government entities — including counties — are subject to liability for losses caused by the "negligence of a local government entity officer or employee using a covered motor vehicle while carrying out his or her official duties or employment." OCGA § 36-92-1 (1). And "a sheriff, deputy sheriff, or other agent, servant, or employee of a sheriff's office" is defined as a "local government officer or employee" for purposes of this statute. OCGA § 36-92-1 (4) (B). Moreover, local governmental entities — including counties — are the ones who provide for the payment of claims, settlements, judgments, and the associated costs arising out of losses caused by covered motor vehicles. See OCGA § 36-92-4 (a). And, here, the record reflects that [the county] owned the vehicle [the deputy] was driving when the motor vehicle accident at issue occurred. See OCGA § 36-92-1 (2) (A) (providing that "covered motor vehicle means: any motor vehicle owned by the local government entity"). Therefore, any judgment or decree issued in this case would

affect or control the property or action of [the county] and thus is a suit against the [c]ounty. Accordingly, we conclude that official-capacity claims against a county sheriff for a deputy's allegedly negligent use of a county-owned vehicle are claims against the county itself[.]

*Collington*, supra at 37 (2) (a) (citation and punctuation omitted; emphasis supplied).

We are bound by the decisions of the Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.; *Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 317 Ga. App. 486, 488 (731 SE2d 384) (2012). So in the instant case, given the decisions cited above, we are bound to conclude that Wilson's official-capacity lawsuit against Sheriff Paulk for a deputy's allegedly negligent use of a motor vehicle is a claim against the county itself. And as set out above, the Act plainly provides that a county is a "local government entity" under OCGA § 36-92-1 (3), and is thus subject to being named as a defendant under OCGA § 36-92-3 (b). Because Wilson properly brought her claim against Lowndes County by naming Sheriff Paulk in his official capacity as the defendant, the trial court correctly denied the motion to dismiss.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*